**SO ORDERED.**

**SIGNED this 08 day of November, 2006.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# NEW BERN DIVISION

**IN RE:**

**DWAYNE IJOE MOBLEY and**
**ARLANA EILEEN MOBLEY,**

        **Debtors.**              **05-09404-8-JRL**
                                                                         **Chapter 13**

_____

## **ORDER**

This matter is before the court on Hyundai Motor Finance Company's motion to revoke the order modifying the Chapter 13 plan and to reinstate the original Chapter 13 plan confirmed on January 24, 2006. On October 30, 2006, the court conducted a hearing on this matter in New Bern, North Carolina.

On June 3, 2003, the debtors purchased a 2003 Hyundai Elantra. On November 3, 2003, the debtors filed a Chapter 13 case, which was dismissed on October 13, 2005 for failure to comply with the plan. On the same day of October 13, 2005, the debtors filed the subject Chapter 13 case. The petition was served on Hyundai at the address in the debtor's creditor matrix, which is P.O. Box 7247-0332, Philadelphia, PA 19170-0332 ("Pennsylvania address"). Hyundai filed a proof of claim, which was dated

1

November 8, 2005 and received by the trustee's office on December 12, 2005. In the proof of claim, Hyundai stated its address at P.O. Box 20809, Fountain Valley, CA 92728-0809 ("the California address"). At that time, proofs of claim in Chapter 13 cases were filed with the Chapter 13 trustee and did not appear on the docket. The debtors' counsel would not have been aware of the discrepancy in addresses from the official record. Additionally, there was no internal procedure in the trustee's office for automatically informing debtors of their creditors' updated information, and Hyundai never directly informed the debtors of the preferred California address.

On January 24, 2006, the court confirmed a Chapter 13 plan. Under the plan, Hyundai was given a secured claim of $9,725.00 to be paid within 57 months at 8.75% interest. Plan payments were to be made in the amount of $50.00 for one month, $496.00 for 12 months, then $400.00 for 45 months.

On May 15, 2006, the debtors moved to modify the plan to surrender the Elantra. The debtors proposed to modify their plan payments to $50.00 for one month, $496.00 for 5 months, $310.00 for 7 months, then $210.00 for 45 months. The debtors served the motion to modify on Hyundai at the Pennsylvania address. No objection was filed, and the motion was granted.

Hyundai asserts that it was not given proper notice of the motion, as the debtor sent the motion to the Pennsylvania address, which Hyundai asserts is a post office box that has been closed for three years. Hyundai contends that the proper address for service was the California address, which was listed on Hyundai's proof of claim and certificate of title reflecting Hyundai's lien.

Secondly, Hyundai contends that the debtors never surrendered the vehicle. Hyundai argues that, when it arrived at the debtor's residence to repossess the Elantra, the vehicle would not start due to a weak battery. Hyundai argues that the debtors failed to assist it when it came for the vehicle. Hyundai further

2

contends that the debtors damaged the vehicle, as there were a number of dents on the exterior of the vehicle and a crack in the windshield.

At the hearing, Ms. Mobley testified that she and her husband had turned in their tags to the North Carolina Department of Motor Vehicles, had canceled their automobile insurance, and had not driven the vehicle for five months. Ms. Mobley stated that, when Hyundai arrived for the vehicle, it would not start because it had not been driven in months. Ms. Mobley said that she and her husband did not resist the repossession. As for damage, Ms. Mobley said that the only noticeable damage to the vehicle was a dent in the rear bumper.

The court denies Hyundai's motion to revoke the order modifying the Chapter 13 plan. The petition was sent to the Pennsylvania address, and Hyundai somehow learned of this case because it filed a proof of claim. Hyundai's attorney did not offer a sufficient, alternative explanation as to how Hyundai knew of this case. While the proof of claim received by the trustee in December 2005 set forth Hyundai's California address that deviated from the address in the debtor's creditor matrix, there was no internal procedure in place at that time whereby the trustee notified debtors regarding changes in their creditors' addresses. Thus, neither the debtors nor their attorney would have known of the California address by way of the proof of claim. Hyundai asserts that the debtors had notice of the California address because it appears on the title to the vehicle; however, in North Carolina, the title is only released to the owner when the auto loan is fully paid. The motion to modify the plan to surrender the Elantra was served on Hyundai at the Pennsylvania address. Hyundai's attorney did not offer a sufficient, alternative explanation as to how Hyundai knew to repossess the vehicle if it did not know of the modification.

As for the damage to the Elantra, Hyundai provided no competent evidence to support its position

that the Elantra was significantly damaged. The female debtor denied the allegations and asserted that the Elantra simply had a dent in the rear bumper. While Hyundai claims that the debtors failed to assist Hyundai when it came to repossess the vehicle, the evidence supports that the debtors did not resist repossession. Moreover, it is common practice for creditors to bring a tow truck to ensure successful repossession of a vehicle and not to assume that an uninsured, untagged vehicle can be driven off of the owner's premises.

Based on the foregoing, Hyundai's motion to revoke the modified plan is denied. The debtors shall surrender the Elantra to Hyundai, and Hyundai may repossess the vehicle.

"END OF DOCUMENT"